UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MIGUEL JUNIOR MONTERO ESTRELLA,

Defendant.

**SEALED INDICTMENT**

23 Cr.

23 CRIM 435

### COUNT ONE
**(Hobbs Act Robbery)**

The Grand Jury charges:

1. On or about April 26, 2023, in the Southern District of New York and elsewhere, MIGUEL JUNIOR MONTERO ESTRELLA, the defendant, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, MIGUEL JUNIOR MONTERO ESTRELLA, the defendant, knowingly entered the residence of a business owner, threatened her and her family with a firearm, and obtained by force proceeds from the business.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT TWO
**(Firearms Use, Carrying, Possession, and Brandishing)**

The Grand Jury further charges:

2. On or about April 26, 2023, in the Southern District of New York and elsewhere, MIGUEL JUNIOR MONTERO ESTRELLA, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act

robbery charged in Count One of this Indictment, knowingly used and carried a firearm, and, in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2.)

## FORFEITURE ALLEGATION

3. As a result of committing the offenses alleged in Count One of this Indictment, MIGUEL JUNIOR MONTERO ESTRELLA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_/s/ Mark E. Strauss_              _Damian Williams_
FOREPERSON                         DAMIAN WILLIAMS
                                      United States Attorney